IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

KEITH EUBANKS,                        §
                                      §
        Plaintiff,                    §
                                      §
v.                                    §          Civil Action No.  7:21-cv-00061
                                      §
ENDEAVOR ENERGY                       §
RESOURCES, LP                         §
                                      §
        Defendant.                    §

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

COMES NOW, the Plaintiff, KEITH EUBANKS, complaining of the Defendant,

ENDEAVOR ENERGY RESOURCES, L.P., and alleges the following:

### I.      PARTIES

1.      **Keith Eubanks** (hereafter "Plaintiff" and "Mr. Eubanks"), is a resident of El Paso

County, Texas.

2.      **Endeavor Energy Resources, L.P.** (hereafter "Defendant" and "Endeavor") may

be served with process through its Registered Agent, Michael A. Short, 110 N. Marienfeld, Legal

Department, Midland, TX 79701, or wherever he may be found.

### II.      JURISDICTION

3.      This action arises under Chapter 21 of the Texas Labor Code ("Ch. 21") and

Americans with Disabilities Act ("ADA"), as amended by the ADA Amendments Act of 2008,

both of which prohibit employment discrimination for persons with disabilities.

4.      Plaintiff has complied with all necessary administrative prerequisites

5.      Plaintiff timely filed his charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), which was simultaneously filed with the Texas Workforce Commission Civil Rights Division ("TWCCRD"), on April 7, 2020.

6.      On January 12, 2021, the EEOC issued, but did not mail until January 19, 2021, its Dismissal and Notice of Rights.  Plaintiff received the notice, through counsel, on January 21, 2021.  Plaintiff is filing this lawsuit within 90 days of receiving the Dismissal and Notice of Rights, as well as within two years of filing his charge of discrimination.

7.      Plaintiff filed this lawsuit within the time limits proscribed by Chapter 21 of the Texas Labor Code and Title VII of the Civil Rights Act of 1964, as amended, as well as the common laws of the State of Texas.

8.      The Court has jurisdiction to hear the merits of Mr. Eubanks' claims under 28 U.S.C. §1331 (Federal Question Jurisdiction), 28 U.S.C. §1332 (Diversity Jurisdiction), and 28 U.S.C. §1367 (Supplemental Jurisdiction).

### III.      VENUE

9.      Venue is proper in the Midland County, Texas under 28 U.S.C. §1391(b) since the unlawful employment practices or omissions giving rise to this cause of action occurred therein.

### IV.      FACTS

10.      At all times relevant to this lawsuit, Defendant was Mr. Eubanks's employer.

11.      Mr. Eubanks was hired by Defendant Endeavor on or about June 2014 as Technical Safety Advisor.

12.      Within the first year of employment, Mr. Eubanks was promoted to HSE Supervisor.

13.     During his employment with Defendant, Mr. Eubanks was qualified, loyal and a dedicated employee.

14.     Throughout his employment, Mr. Eubanks was recognized and praised for his work and commitment.

15.     Beginning on or about June 2019, Plaintiff reported directly to Mark Webster.

16.     When Mr. Webster took over as his supervisor, he immediately began making disparaging remarks about members of our team with disabilities – including Plaintiff. He made comments about audiovisual and other physiological impairments of several employees in numerous incidents.

17.     Plaintiff opposed this discriminatory conduct and engaged in protected activity by asking Mr. Webster several times not to make disparaging comments about members of our team with disabilities.

18.      In August or September 2019, Plaintiff reported Mr. Webster's conduct directly to a manager of Human Resources about the inappropriate comments.  Plaintiff was told that Human Resources would look into it. They did not. Mr. Webster's conduct continued.

19.     In early 2020, only six months after Mr. Webster took over, Mr. Webster did Mr. Eubanks's evaluation.  As part of the evaluation, Mr. Eubanks let Mr. Webster know that he had an issue with the way Mr. Webster discriminated against employees with disabilities.

20.     After Mr. Eubanks reported and opposed this discriminatory conduct, Defendant did nothing to remedy the problem.  Instead, Defendant retaliated against Mr. Eubanks.

21.     In less than a month after the evaluation meeting, Mr. Webster called Plaintiff in to his office on February 21 and informed Plaintiff that he was terminated for "performance." Neither Mr. Webster nor any other supervisor told Plaintiff why he was being terminated.

22.     The reasons given for Plaintiff's termination of employment are pretextual. Plaintiff had positive evaluations prior to the 2020 evaluation.

23.     As a result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered financial and emotional harm.

## V.     CAUSES OF ACTION

### Count One - Retaliation (Chapter 21 of Texas Labor Code and the ADA)

24.     The above allegations are re-alleged and adopted by reference.

25.     Plaintiff asserts that Defendant's decision to terminate his employment was carried out, in part, as retaliation for having opposed and/or complained of discrimination, and/or for engaging in protected activity.

26.     As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered past and future lost wages, and past and future compensatory damages (including, but not limited to, humiliation, inconvenience, mental anguish, emotional pain, and/or loss of enjoyment of life).

27.     Defendant acted with malice or reckless indifference to the state-protected rights of Plaintiff, and he seeks punitive damages for this outrageous conduct.

## VI.     JURY DEMAND

28.     Mr. Eubanks requests a trial by jury.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court cite Defendant to answer and appear, and upon final trial, enter a judgement upon his favor and award the following:

A.  Back pay and benefits;

B.  Front pay and benefits, if reinstatement is not feasible;

C.  Compensatory damages;

D.  Punitive damages;

E.  Costs, including attorney's fees and reasonable expert fees, pursuant to Section 21.259 of the Texas Labor Code and the ADA;

F.  Prejudgment and post-judgment interest accruing at the maximum rate allowed by law; and

G.  Such other and further relief as the Court deems necessary, proper and equitable, general or specific, to which Plaintiff may show herself to be justly entitled.

Date: April 8, 2021

Respectfully submitted,

THE LAW OFFICE OF LYNN COYLE, PLLC
2515 North Stanton Street
El Paso, Texas 79902
(915) 532-5544
Fax (915) 532-5566

LYNN COYLE
Texas Bar No. 24050049
lynn@coylefirm.com
CHRISTOPHER BENOIT
Texas Bar No. 24068653
chris@coylefirm.com

**Attorneys for Keith Eubanks**