IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| KEITH EUBANKS, § § § **Plaintiff,** § § v. § § Civil Action No. 7:21-cv-00061-DC § **ENDEAVOR ENERGY** § **RESOURCES, LP** § § **Defendant.** § | |

## DEFENANT'S ORIGINAL AND AFFIRMATIVE TO
## PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Endeavor Energy Resources, LP files its Original Answer and Affirmative Defenses to Plaintiff Keith Eubanks ("Plaintiff") Original Complaint and respectfully shows the Court the following:

### I.
### PARTIES

1. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1; therefore, Defendant denies the allegations.

2. Defendant admits the allegations in Paragraph 2.

### II.
### JURISDICTION

3. The allegations in this paragraph are legal or jurisdictional in nature and, therefore, require no response. To the extent a response is required, Defendants admit only that Plaintiff purports to bring causes of action under Chapter 21 of the Texas Labor Code and the Americans with Disabilities Act.

**DEFENDANT'S ORIGINAL ANSWER (NO. 4:21-CV-90-O) –Page 1**

4. Defendant admits the allegations in Paragraph 4.

5. Defendant admits the allegations in Paragraph 5.

6. Defendant admits the EEOC issued its Dismissal and Notice of Rights on January 12, 2021 and that Plaintiff is filing this lawsuit within 90 days of receiving same and within two years of filing his charge of discrimination. But Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 6 and therefore denies them.

7. Defendant admits the allegations in Paragraph 7.

8. Defendant admits the Court has jurisdiction to hear the merits of Mr. Eubanks' claims but denies Plaintiff has established that complete diversity exists in this case.

### III. VENUE

9. The allegations in this paragraph are legal in nature and, therefore, require no response. To the extent a response is required, Defendants deny the allegations in paragraph 5.

### IV. FACTUAL BACKGROUND

10. Defendant admits the allegations in Paragraph 10.

11. Defendant admits the allegations in Paragraph 11.

12. Defendant admits the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant admits the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant admits Mr. Webster conducted Mr. Eubanks's 2019 evaluation, but denies the remaining allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant admits Mr. Eubanks was terminated on February 21, 2020 but denies the remaining allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

## V.
## CAUSES OF ACTION

24. Defendant re-alleges and incorporates by references its responses previously made to the paragraphs above.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

## VI.
## JURY DEMAND

28. Defendant admits only that plaintiff purports to demand a jury trial.

## VII.
## PRAYER

29. Plaintiff's alleged damages are not material allegations requiring a responsive pleading. Notwithstanding, Defendant denies that Plaintiff is entitled to any remedy or relief in this action.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Defendant hereby states the following affirmative and additional defenses to Plaintiff's Complaint, but does not assume the burden of proof of any such defenses except as required by

applicable law with respect to the particular defense asserted:

1. Defendant's conduct and treatment of Plaintiff were based on legitimate, nondiscriminatory and non-retaliatory reasons that were unrelated to Plaintiff's alleged complaints of discrimination. In the alternative, if any action taken by Defendant was motivated in part by discrimination and/or retaliation, an allegation Defendant denies, Defendant would have taken the same action irrespective of such motive.

2. Plaintiff did not suffer any adverse employment actions due to any unlawful, unjustified or unreasonable conduct of Defendant or any of its employees.

3. Defendant never unlawfully discriminated against Plaintiff in any term, condition or privilege of his employment.

4. Plaintiff's alleged condition does not meet the Americans with Disabilities Act's definition of disability.

5. Any recovery by Plaintiff is limited in whole or in part by his failure and/or refusal to mitigate his purported damages, if any.

6. Defendant did not act maliciously, intentionally or with reckless indifference to any of Plaintiff's rights.

7. Plaintiff's recovery for compensatory damages, if any, is limited to the amount prescribed in 42 U.S.C. § 1981a(b)(3).

8. Plaintiff's recovery for punitive damages, if any, is limited to the amount prescribed in 42 U.S.C. § 1981a(b)(3).

9. Plaintiff's Complaint, and every alleged claim therein, is barred because, to the extent Defendant owed any duties or obligations to Plaintiff, such duties or obligations have been fully performed, satisfied or discharged.

10. Plaintiff's recovery, if any, is limited by the doctrine of offset.

11. Defendant does not presently know all facts respecting the allegations in Plaintiff's Complaint to sufficiently state all affirmative and other defenses at this time. Accordingly, Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional defenses.

## CONCLUSION

For the reasons above, Defendant respectfully requests the Court deny Plaintiff's demand and prayer for relief and grant such other and further relief as the Court deems just and proper.

Dated: June 21, 2021

Respectfully submitted,

*/s/ Steven R. McCown*
Steven R. McCown
Texas State Bar No. 13466500
smccown@littler.com

**LITTLER MENDELSON, P.C.**

**Mailing address – (*for Steven R. McCown only*)**
2001 Ross Ave., Suite 1500
Dallas, TX 75201
214.880.8100 (Telephone)
214.880.0181 (Facsimile)

**Physical Address**
100 Congress Ave., Suite 1400
Austin, Texas 78701
512-982-7250
512-982-7248 (Facsimile)

**ATTORNEYS FOR ENDEAVOR ENERGY RESOURCES, LP**

**DEFENDANT'S ORIGINAL ANSWER (NO. 4:21-CV-90-O)** –Page 5

## CERTIFICATE OF SERVICE

      I certify that on June 21, 2021, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Western District of Texas, Midland Division, using the Electronic Case Filing system of the Court. I hereby certify that I have served all counsel of record as indicated below:

Lynn Coyle
Christopher Benoit
THE LAW OFFICE OF LYNN COYLE, PLLC
2515 North Stanton Street
El Paso, Texas 79902
lynn@coylefirm.com
chris@coylefirm.com

                                              */s/ Steven R. McCown*
                                              Steven R. McCown

4817-2276-2472.1 / 075713-1017

**DEFENDANT'S ORIGINAL ANSWER (NO. 4:21-CV-90-O) –Page 6**